IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ERNIE M. GRAHAM
o.b.o.
ANNETTE R. GRAHAM

    Plaintiff,

v.                                        Civil Action No: 1:16-03837

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This action seeks review of the final decision of the Commissioner of Social Security, who denied plaintiff's application for disability insurance benefits ("DIB"). By Standing Order, this case was referred to United States Magistrate Judge Dwane L. Tinsley to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, under 28 U.S.C. § 636(b)(1)(B). On August 31, 2017, Magistrate Judge Tinsley issued Proposed Findings & Recommendation ("PF&R"), recommending that this court deny Claimant's Motion for Judgment on the Pleadings and Memorandum in Support of Claimant's Motion for Judgment on the Pleadings, affirm the final decision of the Commissioner, and dismiss this case with prejudice. ECF No. 11.

Under 28 U.S.C. § 636(b)(1)(B), the parties had fourteen days, plus three mailing days, from the date of the filing of the PF&R to file objections.

On September 14, 2017, plaintiff timely filed objections to the PF&R. ECF No. 12. The Government responded seven days later. ECF No. 13.

I. **Background**

Annette Rae Graham, through her husband, Ernie Graham, and counsel, filed the instant DIB application on July 31, 2011, under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. The Social Security Administration ("SSA") initially denied plaintiff's application on February 24, 2012, and again upon reconsideration on March 29, 2013. Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ") on June 4, 2014. The ALJ determined that plaintiff was not entitled to disability benefits in a decision dated September 11, 2014. (Tr. at 9-24). The Appeals Council denied plaintiff's request for review on February 18, 2016, making the ALJ's decision the final decision of the Commissioner. (Tr. At 1-3).

Plaintiff timely filed the present civil action seeking judicial review under 42 U.S.C. § 405(g). ECF No. 2.

A detailed factual description of plaintiff's ailments and alleged disability can be found in the PF&R (ECF No. 11, p. 3-

10) and in the ALJ's decision. (Tr. at 11-22). These descriptions adequately and faithfully summarize the factual information in the record, making it unnecessary to detail the medical evidence again. Therefore, this opinion will only describe the facts as necessary to address plaintiff's specific objections.

**II. Standard of Review**

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, the district court reviews de novo any part of a magistrate judge's disposition to which a party has properly filed an objection. However, this court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge regarding those portions of the findings or recommendations to which the parties have addressed no objections. Thomas v. Arn, 474 U.S. 140, 150 (1985).

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Social Security Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence has been defined as such relevant evidence, considering

the record as a whole, as might be found adequate to support a conclusion by a reasonable mind.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"  Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

A party that disputes a PF&R "may serve and file specific written objections to the [PF&R]."  Fed. R. Civ. P. 72(b)(2) (emphasis added).  This court is required to undertake a de novo review of proper objections to the magistrate judge's PF&R. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1)(C). Untimely objections of the magistrate judge's PF&R are reviewed only for clear error, if at all.  Compare Fed. R. Civ. P. 72 advisory committee notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."), with Thomas v. Arn, 474 U.S. 140, 149-52 (1985) ("Petitioner first argues that a failure to object waives only de novo review and that the district judge must still review the magistrate's report under some lesser standard. However, 28 U.S.C. § 636(b)(1)(C) simply does not provide for such review.").

## III. <u>Plaintiff's Objections</u>

"Plaintiff's Objections to the Magistrate Judge's Proposed Findings and Recommendations" is virtually a verbatim copy of the previously filed "Brief in Support of Plaintiff's Complaint." <u>Compare</u> ECF No. 12, <u>with</u> ECF No. 10. The only addition worth noting is a section at the end where plaintiff asserts that the magistrate judge adopted the ALJ's findings in their entirety, and therefore "all arguments made against the Commissioners [sic] decision be deemed to be objections to Judge Tinsley's proposed findings and recommendation." ECF No. 12, p. 18. Stated briefly, plaintiff is dissatisfied with the finding of the magistrate judge and seeks re-argument of the entire case under the guise of objecting.

This type of general objection fails to satisfy the specificity requirements of Rule 72(b) and 28 U.S.C. § 636(b)(1)(C). As stated by the Sixth Circuit:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit

5

appellants to do the same to the district court reviewing the magistrate's report.

Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).[1]  Copying and pasting an earlier brief does not suffice as a proper objection to the PF&R.  See Veney v. Astrue, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008)(quoting Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir.1991) ("Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection 'make[es] the initial reference to the magistrate useless.'").  As such, plaintiff's objections to the PF&R are reviewed for clear error, in which the court finds none.

Plaintiff misunderstands the role of the district court in its review of the final decision of the Commissioner.  This

---

[1] The Fourth Circuit agrees:

> To conclude otherwise would defeat the purpose of requiring objections.  We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report.  Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review the issues that the district court never considered.  In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

6

court, and therefore the magistrate judge, does not "adopt" the ALJ's findings. The court simply determines whether the ALJ's findings are supported by substantial evidence. A district court may disagree with an ALJ. That does not permit the court to reverse the ALJ's findings when there is "more than a mere scintilla of evidence" to support them. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). By making the general argument that substantial evidence does not support the ALJ's decision and offering contrary evidence from the record, plaintiff asks this court to reweigh the evidence. This is not this court's role.

## IV. Conclusion

Accordingly, for the reasons stated above, the court **OVERRULES** Plaintiff's Objections to the Magistrate Judge's Proposed Findings and Recommendation. ECF No. 12. The court adopts the factual and legal analysis contained within the PF&R, **DENIES** Claimant's Motion for Judgment on the Pleadings and Memorandum in Support of Claimant's Motion for Judgment on the Pleadings, ECF No. 9, **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this matter from the court's active docket.[2]

---

[2] The court notes that given the record provided to this court, a de novo review would yield the same result.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** on this 26th day of September, 2017.

                                            David A. Faber
                                            Senior United States District Judge